UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN WATSON,<br><br>        Plaintiff,<br><br>    v.<br><br>WASHOE COUNTY SHERIFF OFFICE, et al.,<br><br>        Defendants. | Case No.: 3:24-cv-00093-MMD-CSD<br><br>**ORDER** |

On February 26, 2024, pro se plaintiff Brian Watson, who was an inmate in the custody of the Nevada Department of Corrections ("NDOC"), submitted a complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. (ECF Nos. 1-1, 1). Plaintiff did not personally sign the complaint. Plaintiff also submitted notice that he would soon be released from custody, and provided his new address. (ECF No. 1-4). According to the NDOC inmate database, Plaintiff is no longer incarcerated.

I.     **DISCUSSION**

    A.     **Plaintiff must submit a signed amended complaint to the Court.**

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." Nev. LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

The Court cannot consider the original complaint because Plaintiff did not personally sign it. If Plaintiff wants to proceed with this action, Plaintiff must file an amended complaint that is signed personally by him. Plaintiff is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989). This means the amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this action. The submission of a mere

signature page will not be enough. Moreover, Plaintiff should file the amended complaint on this Court's approved civil-rights form, and it must be titled "First Amended Complaint."

### B. Plaintiff must either pay the filing fee or apply for *pauper* status.

Additionally, this Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. LSR 1-1. Plaintiff's application to proceed *in forma pauperis* for inmate is moot because Plaintiff is no longer in custody.

## II. CONCLUSION

It is therefore ordered that Plaintiff has until **April 8, 2024**, to submit a signed amended complaint to this Court.

It is further ordered that the application to proceed *in forma pauperis* for inmate (ECF No. 1) is denied as moot.

It is further ordered that Plaintiff has **until April 8, 2024**, to either pay the full $405 filing fee or file an application to proceed *in forma pauperis* for non-prisoners.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a signed amended complaint and either pay the filing fee or properly apply for pauper status.

The Clerk of the Court is directed to send Plaintiff Brian Watson (1) the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same and (2) an application to proceed *in forma pauperis* for non-prisoners and the document titled information and instructions for filing an *in forma pauperis* application.

DATED THIS 8th day of March 2024.

_____
UNITED STATES MAGISTRATE JUDGE